UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GORDON WINSEY (#91437)

VERSUS                                          CIVIL ACTION

LOUISIANA BOARD OF PAROLE, ET AL                NUMBER 09-57-FJP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 13, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GORDON WINSEY (#91437)

VERSUS                                          CIVIL ACTION

LOUISIANA BOARD OF PAROLE, ET AL       NUMBER 09-57-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff[1], an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Board of Parole and Probation and the Louisiana Department of Public Safety and Corrections.  Plaintiff alleged that in 1999, after serving 90 months on his 15 year sentence, he was released by virtue of earned good time.  Then, on March 19, 2006, the plaintiff was re-arrested and a parole hold was issued the next day.  Plaintiff alleged that his good time parole was revoked, the previously earned good time credits were forfeited, and he is being required to complete his original sentence.  Plaintiff alleged the application of the parole statutes will result in his confinement beyond his original full term release date in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect

---

[1] Plaintiff Alfred Bell's claims were dismissed pursuant to Rule 41(a)(1), Fed.R.Civ.P.  Record document number 6.

>      to prison conditions under section 1983 of this
>      title, or any other Federal law, by a prisoner
>      confined in any jail, prison, or other correctional
>      facility if the court is satisfied that the action
>      is frivolous, malicious, fails to state a claim
>      upon which relief can be granted, or seeks monetary
>      relief from a defendant who is immune from such
>      relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not

done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Members of the Louisiana Board of Parole are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *See Walter v. Torres*, 917 F.2d 1379, 1380 (5th Cir.1990) *citing Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 974 (5th Cir.1988)(parole board members have absolute immunity when acting in specific cases and deciding whether to grant, deny or revoke parole).

To the extent that the plaintiff asserted a claim regarding the forfeiture of earned good time, the claim must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim cognizable under § 1983.  *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Because it is clear that the plaintiff's complaint has no arguable basis in fact and in law, the allegations fail to state a claim, and the plaintiff seeks damages against defendants who are immune, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Baton Rouge, Louisiana, February 13, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE